EAH THAIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

United States of America, ex rel. The Tarbell
Group, LLC,

        Plaintiff,

    v.

American Academy of Facial Plastic and
Reconstructive Surgery, Inc. and Unknown
John and Jane Does,

        Defendant(s).

Case No. 1:24-CV-1245

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)
AND FCA PUBLIC DISCLOSURE BAR**

**TABLE OF CONTENTS**

**Page**

I.   FACTUAL BACKGROUND ................................................................................ 1

II.  PROCEDURAL HISTORY ................................................................................ 2

III. PRELIMINARY STATEMENT ......................................................................... 3

IV.  ARGUMENT ...................................................................................................... 6

   A.   Standard of Review and the False Claims Act ............................................ 6

   B.   Relator's Claims are Barred by the FCA's Public Disclosure Bar ............. 8

      1.   The Complaint is Based Entirely on Public Information ...................... 10

      2.   Relator is not an "Original Source" of the Public Disclosure .............. 11

   C.   Relator's Complaint Fails to Sufficiently State a Claim ........................... 12

      1.   The Complaint Does Not Identify Any False Statements with 9(b) Particularity ........ 12

      2.   The Complaint Does Not Allege Facts Supporting Scienter ................. 13

V.   CONCLUSION .................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)...................................................................................................6

*U.S. ex rel. Beauchamp v. Academi Training Center,*
  816 F.3d 37 (4th Cir. 2016) ....................................................................................8, 9

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)...................................................................................................6

*United States ex rel. Complin v. N. Carolina Baptist Hosp.,*
  818 F. App'x 179 (4th Cir. 2020)............................................................................13

*Edwards v. City of Goldsboro,*
  178 F.3d 231 (4th Cir. 1999) ....................................................................................6

*Giarratano v. Johnson,*
  521 F.3d 298 (4th Cir. 2008) ....................................................................................6

*U.S. ex rel. Grant v. United Airlines, Inc.,*
  912 F.3d 190 (4th Cir. 2018) ..................................................................................12

*Harrison v. Westinghouse Savannah River Co.,*
  176 F.3d 776, 783-85 (4th Cir. 1999) ....................................................................7, 8

*U.S. ex rel. May v. Purdue Pharma L.P.,*
  737 F.3d 908 (4th Cir. 2013) ....................................................................................9

*U.S. ex rel. May v. Purdue Pharma L.P.,*
  811 F.3d 636 (4th Cir. 2016) ....................................................................................9

*U.S. ex rel. Nathan v. Takeda Pharms. of N. Am., Inc.,*
  707 F.3d 451, 455 (4th Cir. 2013) ............................................................................6

*U.S. ex rel. Osheroff v. Humana Inc.,*
  776 F.3d 805 (11th Cir. 2015) ................................................................................10

*U.S. ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co.,*
  612 F.3d 724 (4th Cir. 2010) ..................................................................................14

*U.S. ex rel. Polansky v. Executive Health Resources,*
  599 U.S. 419 (2023).....................................................................................................5

*U.S. ex rel. Relator, LLC v. Kootstra*,
   No. 1:22-cv-00924-TLN-CDB, 2024 WL 3666470 (E.D. Cal. Aug. 6, 2024).....................9,10

*U.S. ex rel. Rosner v. WB/Stellar IP Owner, LLC*,
   739 F. Supp. 2d 396 (S.D.N.Y. 2010)................................................................................10

*U.S. ex rel. Schutte v. SuperValu, Inc.*,
   598 U.S. 739 (2023).........................................................................................7, 13,14

*U.S. ex rel. Smith v. Odom*,
   148 F.4th 1322 (11th Cir. Aug. 22, 2025) .............................................................9

*U.S. ex rel. Taylor v. Boyko*,
   39 F.4th 177 (4th Cir. 2022) ...................................................................7, 8, 12, 13

*U.S. ex rel. The Tarbell Group, LLC v. Acoaxet Club Inc., et al*,
   Case No. 1:24-cv-11950-LTS.........................................................................................2

*U.S. ex rel. The Tarbell Group, LLC v. Mid-Eastern Athletic Conference, et al.*,
   Case No. 1:24-cv-00849-LMB-LRV ..............................................................................2

*U.S. ex rel. The Tarbell Group, LLC v. Simbeck, Inc.*,
   Case No. 5:24-cv-00046-EDK-JCH .............................................................................2

*U.S. ex rel. Ubl v. IIF Data Solutions*,
   650 F.3d 445 (4th Cir. 2011) .......................................................................................14

*Univ. Health Servs., Inc. v. U.S.*,
   579 U.S. 176, 192 (2016).............................................................................................13

*William v. AES Corp.*,
   28 F. Supp. 3d 553 (E.D. Va. 2014) .............................................................................7

*U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
   525 F.3d 370 (4th Cir. 2008) ....................................................................................7, 14

**Statutes**

31 U.S.C. § 3729..............................................................................................5, 8, 13

31 U.S.C. § 3730..................................................................................... *passim*

**Rules**

E.D.Va. Local Civil Rule 7...........................................................................................1

Federal Rule of Civil Procedure 9(b)....................................................................... *passim*

Defendant American Academy of Facial Plastic and Reconstructive Surgery, Inc. ("AAFPRS"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and E.D.Va. Local Civil Rule 7, and, more specifically, the False Claims Act Public Disclosure Bar, enumerated in 31 U.S.C. § 3730(e)(4), hereby submits the following Memorandum in Support of its Motion to Dismiss the First Amended Complaint filed by Relator, The Tarbell Group, LLC.

## I.    FACTUAL BACKGROUND

Relator's First Amended Complaint ("Complaint"), containing two causes of action, should be dismissed in its entirety because it fails to satisfy the pleading standards required by Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Relator's Complaint is barred by the Public Disclosure Bar of the False Claims Act, 31 U.S.C. § 3730(e)(4), and Relator has failed to allege facts sufficient to show that it is an "original source." This is because the False Claims Act allegations alleged in Relator's Complaint were publicly disclosed long ago by Government reports and public sources, before Relator's suit. As such, the Complaint must be dismissed in accordance with 31 U.S.C. § 3730(e)(4)(A). Further, the allegations supporting these claims do not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Accordingly, the Complaint should be dismissed in its entirety with prejudice. Considering that Relator obviously cannot allege to be an insider or associated with AAFPRS, allowing Relator to amend would be futile and a waste of judicial resources.

The AAFPRS was founded in 1964. It is the world's largest specialty association for facial plastic and reconstructive surgery. Its mission is to promote excellence in the art and science of facial plastic and reconstructive surgery through education, advocacy, and innovation.[1]

---

[1] *See* American Academy of Facial Plastic and Reconstructive Surgery, Inc., About Us, available at https://www.aafprs.org/Consumers/About/Us/S/Academy.aspx?hkey=ce22b661-f133-4124-92c7-db25e8e889ec (last visited September 26, 2025).

Relator, a serial plaintiff, is a limited liability company that recently filed lawsuits against numerous entities alleging violations of the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), in connection with COVID-19 relief programs and noncompliance with the Paycheck Protection Program ("PPP") administered by the U.S. Small Business Association ("SBA").[2] As is reflected by Relator's conduct in this case and others, Relator is a third-party outsider and has no independent, inside information about the allegations set forth in its Complaint. Nothing in the Complaint alleges that Relator has any connection with AAFPRS. This is not surprising, because Relator initially filed this suit in July 2024 against AAFPRS and 64 other entities that all allegedly engaged in similar conduct regarding PPP loans.

In the Complaint, Relator alleges that AAFPRS violated the FCA in two ways. First, Relator contends that AAFPRS submitted a false claim when it certified that it was eligible for a first-draw PPP loan. Second, Relator submits that because AAFPRS was ineligible for the first-draw PPP loan, it submitted a false claim when it certified that it was eligible for a second-draw PPP loan.

## II.    PROCEDURAL HISTORY

Relator filed its initial complaint in this case on July 17, 2024, against 65 defendants, including AAFPRS. Doc. 1. The United States declined to intervene. Doc. 6. On July 15, 2025, this Court ordered that all defendants, other than AAFPRS, be dismissed without prejudice from this civil action, because Relator violated Federal Rule of Civil Procedure 21 by improperly joining

---

[2] A nationwide "party search" on PACER reflects that The Tarbell Group, LLC, has filed FCA actions as a relator in cases around the country: *U.S. ex rel. The Tarbell Group, LLC v. Acoaxet Club Inc., et al*, Case No. 1:24-cv-11950-LTS, D. Mass (filed Jul. 26, 2024) (alleging similar FCA claims involving PPP loans against 104 defendants); *U.S. ex rel. The Tarbell Group, LLC v. Mid-Eastern Athletic Conference, et al.*, Case No. 1:24-cv-00849-LMB-LRV, E. D. Va. (filed May 21, 2024) (alleging similar FCA claims involving PPP loans against 7 defendants); and *U.S. ex rel. The Tarbell Group, LLC v. Simbeck, Inc.*, Case No. 5:24-cv-00046-EDK-JCH, W.D. Va. (filed Jun. 28, 2024) (alleging similar FCA violations involving PPP loans).

unrelated defendants, many of which the Court determined were not domiciled in Alexandria. Doc. 12. The Court further ordered that Relator effect service on AAFPRS within twenty-one days of the order. *Id.* Relator did not timely serve AAFPRS. On August 18, 2025, Relator filed the Amended Complaint at issue. Doc. 13. The Court ordered Relator to electronically file the service copy of the summons (Doc. 16), but Relator has failed to do so as of the date of this filing.

### III. PRELIMINARY STATEMENT

This is precisely the type of parasitic lawsuit that the FCA public disclosure bar is intended to prohibit. The public disclosure bar prohibits relators from bringing FCA claims when "substantially the same" conduct alleged has already been "publicly disclosed." *See* 31 U.S.C. § 3730(e)(4). A primary purpose of the public disclosure bar is to weed out FCA claims, like those in Relator's Complaint, that are not based on genuine whistleblower information. All of the information upon which Relator relies in alleging violations of the FCA is readily available from SBA.gov, an official website of the United States government that is available to everyone.[3] *See* Exhibit A (screenshots of SBA spreadsheet showing first and second draw PPP loans)[4]; Exhibit B (screenshot of SBA.gov site showing PPP loan database spreadsheets and date of creation). Additionally, all of the information upon which Relator relies also can be found on ProPublica.org, which is a nonprofit, publicly available, news outlet. *See* Exhibit C (ProPublica site showing first-draw PPP loan); and Exhibit D (ProPublica site showing second-draw PPP loan). For instance, the

---

[3] Previously, this information was also all available at PandemicOversight.gov, another official government website with a searchable PPP loan database, called the PPP borrower search. That database became inactive as of July 14, 2025. The PPP data download now links to the SBA.gov website. *See* Pandemic Oversight, Download the Data, available at https://www.pandemicoversight.gov/data-interactive-tools/dashboards-datasets (last visited September 26, 2025).

[4] For ease of illustration, Ex. A reflects screenshots of the SBA spreadsheet after narrowing the "Borrower" field to AAFPRS. There are many columns, which are displayed in successive rows on Ex. A.

SBA PPP loan database spreadsheet contains information on AAFPRS's first and second draw PPP loans. The spreadsheet lists the loan number for both loans, the loan amounts, the dates the loans were approved, the dates the loans were forgiven, and the loan amounts forgiven, among other information. AAFPRS's IRS Form 990s for the tax years 2019-2021 also are available to anyone on ProPublica.org.

The material facts in the Complaint mirror, and are limited to, this available public information. Nothing in the Complaint alleges or plausibly suggests that Relator is an "original source" as required by 31 U.S.C. § 3730(e)(4) when there has been a public disclosure as in this situation. For instance, Relator alleges no independent knowledge of the information alleged in the Complaint beyond what is publicly available; Relator fails to allege that prior to the public disclosure Relator voluntarily disclosed to the Government the information upon which allegations or transactions in Relator's claims are based; and Relator fails to allege that it has "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions" and "has voluntarily provided the information to the Government before filing an action under [31 U.S. Code § 3730]." 31. U.S.C. § 3730(e)(4)(B). Because Relator cannot allege facts in another amended complaint to cure this gating-issue defect, the Complaint should be dismissed with prejudice.

Relator's allegations also fail to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). The Complaint fails to identify the who, what, where, when, and how of the alleged fraud, as required for Relator's claims. Relator does not allege which individual made an alleged false statement. Relator does not identify on which document the alleged false statements were made. Relator identifies no misrepresentation or incorrect information in AAFPRS's applications, other than the alleged legal conclusion that AAFPRS falsely certified its eligibility

"knowingly." No circumstances surrounding any such representation are offered, much less AAFPRS's knowledge.

As a result, the Complaint fails to allege scienter adequately, as required by the FCA. Instead, the Complaint asserts a legal conclusion, by only alleging a formulaic and generalized allegation that Defendants did "knowingly make" a false statement. Relator even fails to allege how AAFPRS's knowledge plausibly met the definition for "knowingly" required by the FCA. There are no allegations that plausibly suggest any claim was made with "actual knowledge," "in deliberate ignorance of the truth or falsity of the information," or "in reckless disregard of the truth or falsity of the information." *See* 31 U.S.C. § 3729(b)(1)(A).

Relator cannot merely allege knowledge as to the existence of PPP loan eligibility requirements, but must instead allege knowledge as to the false claim itself. Nowhere in the Complaint does Relator allege facts to show that any specific individual knowingly provided false information to obtain a PPP loan.

For these and the reasons set forth below, and also because[5] the FCA *qui tam* provision is unconstitutional under Article II of the United States Constitution. *See U.S. ex rel. Polansky v. Executive Health Resources*, 599 U.S. 419, 442-52 (2023) (Thomas, dissenting, stating that the "FCA's qui tam provisions have long inhabited something of a constitutional twilight zone . . . there are substantial arguments that the *qui tam* device is inconsistent with Article II and that private relators may not represent the interests of the United States in litigation.") (Barrett and Kavanaugh concurring and agreeing with Thomas, noting that the Supreme Court "should consider the competing arguments on the Article II issue in an appropriate case"), the Complaint should be

---

[5]The complaint should be dismissed on the other grounds set forth herein; however, this argument is included to preserve its application on appeal.

dismissed in its entirety with prejudice.

## IV.    ARGUMENT

### A.    Standard of Review and the False Claims Act

To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads factual content that allows the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotes omitted). The plausibility standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Although a court must accept as true all well-pleaded facts in the complaint and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), it need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[6]

In addition to meeting the plausibility standard of *Iqbal*, Relator's FCA claims are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) and must be

---

[6] AAFPRS denies the allegations of wrongdoing in the Complaint but recognizes that Relator's allegations must be accepted as true for the purposes of this Motion.

pleaded with particularity. *U.S. ex rel. Nathan v. Takeda Pharms. of N. Am., Inc.,* 707 F.3d 451, 455 (4th Cir. 2013) (affirming dismissal of complaint for failure to allege FCA claims with sufficient particularity under Rule 9(b) and citing *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783-85 (4th Cir. 1999)). A relator alleging fraud must "state with particularity the circumstances constituting fraud or mistake," though knowledge "may be alleged generally." Fed. R. Civ. P. 9(b); *see also, U.S. ex rel. Taylor v. Boyko,* 39 F.4th 177, 189 (4th Cir. 2022) (affirming dismissal of FCA claims for failure to allege with required particularity under Rule 9(b)). "The FCA's scienter element refers to respondents' knowledge and subjective beliefs—not to what an objectively reasonable person may have known or believed." *U.S. ex rel. Schutte v. SuperValu, Inc.,* 598 U.S. 739, 749 (2023) (clarifying scienter element of an FCA claim).

To satisfy Rule 9(b) Relator must "at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 379 (4th Cir. 2008) (citation and internal quotation marks omitted) (affirming denial of motion to amend complaint as futile where proposed amended complaint failed to state an FCA claim and lacked the particularity required by Rule 9(b)). "These circumstances are often referred to as the who, what, when, where, and how of the alleged fraud." *Taylor,* 39 F.4th at 189 (citing *Wilson,* 525 F.3d at 379) (internal quotation marks omitted). A "lack of compliance with Rule 9(b)'s pleading requirements is treated as failure to state a claim under Rule 12(b)(6)." *Harrison,* 176 F.3d at 783 n.5; *see also William v. AES Corp.,* 28 F. Supp. 3d 553, 573 (E.D. Va. 2014) (citing *Harrison* and granting motion to dismiss based on failure to allege fraud with sufficient particularity).

The FCA imposes liability on "any person" who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A), (B); *see also Taylor*, 39 F.4th at 188. A relator bringing a claim pursuant to the FCA is required to allege four elements: "(1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a 'claim')." *Harrison*, 176 F.3d at 788. "Failure to adequately allege any of these elements dooms a claim." *Taylor*, 39 F.4th at 188 (citing *Harrison*, 176 F.3d at 788).

## B.    Relator's Claims are Barred by the FCA's Public Disclosure Bar

The Complaint should be dismissed with prejudice because Relator has not alleged facts to overcome the FCA's public disclosure bar. In light of prior, public disclosures, Relator's failure and inability to allege facts to show it is an "original source" is fatal to the Complaint, and so it must be dismissed.

Congress enacted the FCA to incentivize whistleblowers with insider information to come forward but also sought to prevent parasitic lawsuits based on previously disclosed fraud. *U.S. ex rel. Beauchamp v. Academi Training Center*, 816 F.3d 37, 39 (4th Cir. 2016) (discussing purpose of the public disclosure bar). The FCA public disclosure bar disqualifies private suits based on fraud already disclosed through particular channels—such as, government hearings, government reports, or from the news media—unless the relator is the original source of the information. 31 U.S.C. § 3730(e)(4)(A); *see also Beauchamp*, 816 F.3d at 39-40. Specifically, the statute states:

> (A) The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—
>
>     (i)    in a Federal criminal, civil, or administrative hearing in which the

-8-

      Government or its agent is a party;

(ii)  in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or

(iii)  from the news media,

unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who either (i) prior to a public disclosure under subsection (e)(4)(A), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C. § 3730(e)(4)(A)-(B).

The public disclosure bar is grounds for dismissal and serves as an affirmative defense. *Beauchamp*, 816 F.3d at 40. The public disclosure bar does not require actual knowledge by the relator of the public disclosure, but instead applies "if substantially the same allegations or transactions were publicly disclosed." 31 U.S.C. § 3730(e)(4)(A); *Beauchamp*, 816 F.3d at 40 (quoting *U.S. ex rel. May v. Purdue Pharma L.P.,* 737 F.3d 908, 917 (4th Cir. 2013)). "A relator bears the burden of proving that the public disclosure bar does not preclude his FCA action." *U.S. ex rel. May v. Purdue Pharma L.P.*, 811 F.3d 636, 640 (4th Cir. 2016) (affirming dismissal of FCA claims under public disclosure bar). Under the public disclosure bar, "the court shall dismiss" a *qui tam* action if the publicly disclosed facts are substantially the same as Relator's allegations. 31 U.S.C. § 3730(e)(4)(A); *see Beauchamp*, 816 F.3d at 40; *U.S. ex rel. Smith v. Odom*, 148 F.4th 1322, 1329-30 (11th Cir. 2025) (affirming dismissal of the public disclosure bar and explaining "substantially the same does not mean identical" because significant overlap with the allegations and public disclosure is sufficient); *U.S. ex rel. Relator, LLC v. Kootstra*, No. 1:22-cv-00924-TLN-CDB, 2024 WL 3666470 (E.D. Cal. Aug. 6, 2024) (dismissing FCA claim concerning PPP loan where PandemicOversite.gov disclosure included all material elements and was "substantially

-9-

similar”).

### 1.    The Complaint is Based Entirely on Public Information

The information on which the complaint is based—the SBA.gov PPP loan spreadsheet—qualifies as a public disclosure because it constitutes a “federal report.” *See Kootstra.,* Order, 1:22-CV-924, at *3-4 (finding that the PandemicOversight.gov database constitutes a “federal report” within the meaning of the public disclosure bar); *see also U.S. ex rel. Rosner v. WB/Stellar IP Owner, LLC,* 739 F. Supp. 2d 396, 405-07 (S.D.N.Y. 2010) (holding that a “database available on a government website” can qualify as a “report” under the public disclosure bar when “readily available,” “free,” and “easily navigable”). Every significant fact that Relator alleges in the Complaint is publicly available on SBA.gov, an official website of the United States Government. The searchable PPP loan spreadsheet on SBA.gov qualifies as a “report” for purposes of the public disclosure bar. In the SBA.gov PPP loan spreadsheet, two PPP loans, the first-draw and second-draw, are included for “AMERICAN ACADEMY OF FACIAL PLASTIC AND RECONSTRUCTIVE SURGER.” That spreadsheet provides the following judicially noticeable information for both PPP loans: (1) company name and address; (2) loan amount; (3) date loan was approved; (4) lender; (5) loan amount forgiven; (6) date loan amount forgiven; (7) number of jobs reported; (8) loan number; (9) business type; and (10) NAICS Code. This is precisely the factual information upon which the allegations in the Complaint are premised.

The SBA.gov PPP loan spreadsheet was publicly disclosed before Relator filed the Complaint in this case. *See* Exhibit C. The database was created on March 2, 2021. *Id.* The initial complaint was filed on July 17, 2024 (Doc. 1), and the Amended Complaint Summons is dated August 18, 2025. Doc. 16.

Additionally, the same information found on ProPublica.org qualifies as “news media.”

*See U.S. ex rel. Osheroff v. Humana Inc.,* 776 F.3d 805, 813 (11th Cir. 2015) (agreeing with string of cases holding that "publicly available websites, which are intended to disseminate information . . . qualify as news media for purposes of the public disclosure provision"). And, ProPublica.org is a newsroom.

Given that all of the facts found in the Complaint came from qualifying publicly available information, the "same allegations or transactions as alleged" in the Complaint were publicly disclosed, and the Complaint should be dismissed.

### 2.    Relator is not an "Original Source" of the Public Disclosure

Since there has been a public disclosure, the Court "shall dismiss [the] action," unless opposed by the Government, unless Relator is an original source of the information. 31 U.S.C. § 3730(e)(4)(A). A person is an "original source" if, prior to the public disclosure, that person has voluntarily disclosed to the government the information on which the transactions in a claim are based, or that person has knowledge that is independent of, and materially adds to, the publicly disclosed transactions, and voluntarily provided the information to the Government before filing an action. 31 U.S.C. § 3730(e)(4)(B). Nowhere does Relator allege it satisfies the elements required to be an "original source."

The database was already publicly disclosed when Relator filed the Complaint in this case. *See* Exhibit C. The database was created on March 2, 2021. *Id.* The Amended Complaint Summons is dated August 18, 2025 (Doc. 16), and the original Complaint was filed on July 17, 2024. Doc. 1.

Relator is not an original source of any of the information underlying its claims because Relator's knowledge is derived purely from public information. Nor has Relator alleged anywhere in the Complaint either that it is an original source or that it provided information to the Government before filing suit. In its Complaint, Relator made no assertions of independent or

-11-

original knowledge of the facts outlined in the Complaint. Relator is ineligible as an original source under either variant of the exception. Under the first exception, a relator necessarily must have preexisting knowledge in order to provide it to the Government before the public disclosure. 31 U.S.C. § 3730(e)(4)(B)(i). Relator had no such knowledge, and the Complaint contains no facts indicating that such a disclosure occurred. Nor can Relator meet the second exception; the FCA requires "independent" knowledge, and Relator has none. 31 U.S.C. § 3730(e)(4)(B)(ii). Relator cannot satisfy this requirement because it has not alleged that it has any knowledge beyond what has already been publicly disclosed. Relator also has not alleged that it provided any information to the Government before filing suit. Because Relator is not an original source, the claims in the Complaint are barred by the public disclosure bar.

### C.    Relator's Complaint Fails to Sufficiently State a Claim

#### 1.    The Complaint Does Not Identify Any False Statements with 9(b) Particularity

In the Complaint, Relator does not include the "who, what, when, where, and how" of the alleged fraud. *See Taylor*, 39 F.4th at 189 (citation omitted). There are "two ways to adequately plead presentment under Rule 9(b)." *U.S. ex rel. Grant v. United Airlines, Inc.,* 912 F.3d 190, 197 (4th Cir. 2018) (affirming dismissal of FCA claims where plaintiff failed to plead with particularity that a false claim was presented to the government for payment). First a relator can "allege with particularity that specific false claims actually were presented to the government for payment." *Taylor,* 39 F.4th at 196 (quoting *Grant,* 912 F.3d at 197). The Relator must, "at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (quoting *Grant*, 912 F.3d at 197). Second, a relator "can allege a pattern of conduct that would '*necessarily* have led to submission of false claims' to the government for payment." *Id.* (quoting *Grant*, 912 F.3d at 197).

Relator has made no mention of a pattern of conduct in the Complaint, so only the first option is relevant in this case. Here, Relator has failed to describe any specific facts relating to the two alleged false representations. The Complaint merely states that the false claims were falsely certifying that AAFPRS was eligible for a first-draw and second-draw PPP Loan and for forgiveness. Relator does not state when these alleged false claims were made; there are no dates alleged in the Complaint. Nor does Relator say where the alleged false statements were made. There is no indication in the Complaint as to what documents were actually presented to the Government with alleged false statements. As for the contents of the alleged false statements, Relator only contends that Defendants made false certifications that AAFPRS was eligible for PPP loans and forgiveness; Relator provides no additional information about the false statements. Finally, Relator does not identify an individual who made the alleged false statements. For all of these reasons, Relator fails to plead presentment with particularity. *See Taylor*, 39 F.4th at 196. The Complaint fails to show that specific false claims were actually presented to the Government for payment. Relator makes only conclusory allegations and legal conclusions concerning the alleged false claims. This is not sufficient to satisfy the 9(b) particularity pleading standard.

### 2.       The Complaint Does Not Allege Facts Supporting Scienter

The Complaint fails to allege that defendants "knowingly" defrauded the government. The scienter standard is "rigorous," requiring that a defendant had "actual knowledge of the information," "acts in deliberate ignorance of the truth or falsity of the information," or "acts in reckless disregard of the truth or falsity of the information." *United States ex rel. Complin v. N. Carolina Baptist Hosp.*, 818 F. App'x 179, 183 (4th Cir. 2020) (affirming dismissal of FCA claim for failure to adequately plead scienter and quoting *Univ. Health Servs., Inc. v. U.S.*, 579 U.S. 176, 192 (2016)); 31 U.S.C. § 3729(b)(1)(A). Relator must show that Defendant was "conscious of a substantial and unjustifiable risk that the[] claims [were] false" and did not simply "ma[k]e an

-13-

honest mistake" about what a "less than perfectly clear" rule meant. *Schutte*, 598 U.S. at 751-53. The FCA "is not intended to 'punish honest mistakes or incorrect claims submitted through mere negligence.'" *U.S. ex rel. Ubl v. IIF Data Solutions*, 650 F.3d 445, 452 (4th Cir. 2011) (affirming admission of evidence relevant to scienter) (quoting *U.S. ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co.*, 612 F.3d 724, 728 (4th Cir. 2010)) (affirming summary judgment in favor of defendant on FCA claims where relator failed to offer evidence showing any allegedly false statements to be more than negligence, among other grounds).

In *Schutte*, the Supreme Court held that "[t]he FCA's scienter element refers to respondents' knowledge and subjective beliefs—not to what an objectively reasonable person may have known or believed." *Schutte,* 598 U.S. at 749. To satisfy that burden, Relator must allege "specific facts," *Wilson*, 525 F.3d at 379, supporting its allegation that AAFPRS either knew or was aware of a substantial risk that its certifications about PPP loan eligibility submissions were false. *See Schutte*, 598 U.S. at 751. Relator has not done so. The Complaint does not allege that AAFPRS knew that it was not eligible for either a first or second draw PPP loan. Additionally, Relator makes no allegation that the Government was unaware of facts material to AAFPRS' PPP loan eligibility. Relator alleges no facts supporting the scienter requirement; therefore, the Complaint should be dismissed.

## V.    CONCLUSION

For the reasons set forth above, Relator has failed to meet its burden. Accordingly, Defendants respectfully requests that the Court grant this Motion to Dismiss the Complaint in its entirety with prejudice.

-14-

Respectfully submitted,


Dated: September 29, 2025                   By: */s/ John P. Pennington*

John P. Pennington (Va. Bar No. 82512)
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson St. NW, Ste. 400
Washington, DC 20007
 Telephone: (202) 263-4360
 Facsimile: (202) 263-4325
jpennington@sgrlaw.com

*Pro Hac Vice Admission to be applied for:*
Wm. Parker Sanders (Ga. Bar No. 626020)
Erin N. Spritzer (Ga. Bar No. 152374)
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree St. N.E., Ste. 1000
Atlanta, Georgia  30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
psanders@sgrlaw.com
espritzer@sgrlaw.com

*Attorneys for Defendant*
*American Academy of Facial Plastic*
*And Reconstructive Surgery, Inc.*

-15-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of September 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send an e-mail to all counsel of record.

/s/ John P. Pennington
Attorney

-16-