IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA )
*ex rel.* THE TARBELL GROUP, LLC, )
　 )
　　　*Plaintiff/Relator*, )
　 )
　　　　　v. ) No.: 1:24-cv-1245-LMB-IDD
　 )
AMERICAN ACADEMY OF FACIAL )
PLASTIC AND RECONSTRUCTIVE )
SURGERY, INC. AND UNKNOWN )
JOHN AND JANE DOES, )
　 )
　　　*Defendants*. )

UNITED STATES' STATEMENT OF INTEREST IN RESPONSE TO DEFENDANT'S
MOTION TO DISMISS

The False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, is the federal government's key tool to combat fraud against the United States and to recover losses. *Avco Corp. v. U.S. Dep't of Just.*, 884 F.2d 621, 622 (D.C. Cir. 1989). The FCA was intended "broadly to protect the funds and property of the Government from fraudulent claims[.]" *Rainwater v. United States*, 356 U.S. 590, 592 (1958). Thus, the FCA "is concerned solely with false claims submitted to the government." *United States ex rel. Milan v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 961 F.2d 46, 48 (4th Cir. 1992). The FCA "provide[s] for suits brought by individuals, but only as *qui tam* relators 'in the name of the Government.'" *Id.* It does not provide a cause of action for a private plaintiff to redress harm to himself alone. *See United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 425 (2023) (In an FCA *qui tam* action, "the injury [the relator] assert[s] is exclusively to the Government."); *United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 912 (4th Cir. 2013) ("In the context of the FCA, however, it is the government, not

the private-citizen relator, that has been injured by the defendant's fraud."). Importantly, the United States remains a real party in interest in FCA actions even where, as here, it has declined to intervene. *See* 31 U.S.C. § 3730; *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 934–35 (2009); *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017). The United States thus has a substantial interest in the FCA's proper interpretation.

For these reasons, and pursuant to 28 U.S.C. § 517, the United States respectfully submits this Statement of Interest to address the cursory argument made by Defendant American Academy of Facial Plastic and Reconstructive Surgery, Inc. ("AAFPRS") in its Motion to Dismiss ("Motion"), Dkt. No. 19, that the *qui tam* provisions of the FCA are unconstitutional. The Court should reject Defendant's constitutional challenge.

Other than addressing these issues, the United States takes no position on the merits of Relator's claims or the positions in either party's filings.

DISCUSSION

AAFPRS requests that this Court upend FCA jurisprudence and hold that the *qui tam* provisions of the FCA are unconstitutional under Article II of the United States Constitution. Motion at 5. AAFPRS provides no substantive analysis or support for this position beyond two explanatory parentheticals and a footnote stating that the complaint "should be dismissed on the other grounds" included in the Motion and that the constitutional argument is being "included to preserve its application on appeal." *Id.* at 5 n.5. AAFPRS's constitutional argument lacks legal support, which is underscored by the Defendant's failure to expand on this point, and should be rejected by this Court.

Every federal court of appeals to consider this question has held that the FCA's *qui tam* provisions are consistent with Article II. *See United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 804–07 (10th Cir. 2002); *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 751 (5th Cir. 2001) (*en banc*); *United States ex rel. Taxpayers Against Fraud v. General Elec. Co.*, 41 F.3d 1032, 1034 (6th Cir. 1994); *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 745 (9th Cir. 1993); *see also United States ex rel. Kreindler & Kreindler v. United Techs. Corp.,* 985 F.2d 1148, 1155 (2d Cir. 1993) (explaining, in rejecting an Article III challenge, that the *qui tam* "provisions do not usurp the executive branch's litigating function").

A court in the Eastern District of Virginia recently noted this resounding rejection of the unconstitutionality argument by the federal courts of appeals. Order Denying Motions for Summary Judgment at 1 n.1, *United States ex rel. Bloomfield v. Engineered Structures, Inc.,* No. 1:22-cv-789 (DJN), Dkt. No. 111 (E.D. Va. Aug. 20, 2025). Further, almost all district courts have followed the lead of these courts of appeals in rejecting similar constitutional challenges to the *qui tam* provisions. *See, e.g., United States ex rel. Publix Litig. P'ship, LLP v. Publix Super Mkts., Inc*., No. 8:22-cv-2361-TPB-AAS, 2025 WL 1381993, at * 3 (M.D. Fla. May 13, 2025); *Kenley Emergency Med. v. The Schumacher Group of La.., Inc.*, No. 20-cv-03274-SI, 2025 WL 1359065, at *5 (N.D. Cal. May 9, 2025); *United States ex rel. Gonite v. UnitedHealthcare of Ga., Inc.*, 785 F. Supp. 3d 1325, 1335–36 (M.D. Ga. 2025); *United States ex rel. Penelow v. Janssen Prods., LP*, No. 12-7758 (ZNQ)(JBD), 2025 WL937504, at *12 (D.N.J. March 28, 2025), *appeal docketed*, No. 25-1818 (Apr. 29, 2025); *United States v. Chattanooga Hamilton Cnty. Hosp. Auth.*, No. 1:21-cv-84, 2024 WL 4784372, at *2–3 (E.D.

Tenn. Nov. 7, 2024); *United States ex rel. Butler v. Shikara*, 748 F. Supp. 3d 1277, 1295 (S.D. Fla. 2024); *United States ex rel. Resolution NJ LLC v. Riverside Medical Group, P.C.*, No. 2:22-cv-4165, 2024 WL 4100372, at *5 (D.N.J. Sept. 6, 2024), opinion vacated in part on reconsideration, No. CV 22-4165 (SDW) (LDW), 2024 WL 5182395 (D.N.J. Dec. 20, 2024); *United States ex rel. CLJ, LLC v. Halickman*, No. 20-CV-80645, 2024 WL 3332055, at *21 n.5 (S.D. Fla. June 14, 2024); *United States ex rel. Wallace v. Exactech, Inc.*, 703 F. Supp. 3d 1356, 1360 (N.D. Ala. 2023), *motion to certify appeal denied*, No. 7:18-CV-01010-LSC, 2023 WL 12147998 (N.D. Ala. Dec. 15, 2023); *United States ex rel. Thomas v. Mercy Care et al.*, 2023 WL 7413669, at *4 (D. Ariz., Nov. 9, 2023); *United States ex rel. Miller v. Manpow*, 2023 WL 8290402, at *5 (C.D. Cal. Aug. 30, 2023); *United States v. Halifax Hosp. Med. Ctr.*, 997 F. Supp. 2d 1272, 1278–79 (M.D. Fla. 2014); *United States ex rel. Butler v. Magellan Health Servs., Inc.*, 74 F. Supp. 2d 1201, 1212–14 (M.D. Fla. 1999). *Contra United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 751 F. Supp. 3d 1293 (M.D. Fla. 2024), *appeal docketed*, Nos. 24-13581 & 24-13583 (11th Cir. Oct. 30, 2024). This Court should reject Defendant's constitutional challenge as both legally unsupported and inconsistent with the holdings of the vast majority of federal courts that have considered this issue.

Defendant relies on one case to support its argument that the FCA's longstanding *qui tam* provisions are unconstitutional. Defendant cites language from the concurring and dissenting opinions in a Supreme Court case, which held that the United States has broad authority to dismiss an FCA action in which it has intervened. *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419, 442 (2023) (Kavanaugh, J., concurring, joined by Barrett, J.); *id.* at 449-52 (Thomas, J., dissenting). Defendant's reliance on this case

4

is unavailing because it provides no sound basis to depart from the longstanding consensus among the courts of appeals and did not hold that the *qui tam* provisions are unconstitutional under Article II as Defendant argues.

CONCLUSION

The Court should reject Defendant's argument that the *qui tam* provisions of the FCA are unconstitutional.

Dated: October 10, 2025

Respectfully submitted,

LINDSEY HALLIGAN
UNITED STATES ATTORNEY

By:   /s/ *Gerard Mene*
Gerard Mene
Assistant United States Attorney
David Tannenbaum
Assistant United States Attorney
Counsel for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 399-3777
Tel: (703) 838-2627
Fax: (703) 299-3898
gerard.mene@usdoj.gov
david.tannenbaum2@usdoj.gov